## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation,

        Plaintiff,

v.

NICE DECAL, LLC, a Florida limited liability company, and JUAN R. QUICENO, an individual and principal of Nice Decal, LLC,

        Defendants.

Civil Action No. 24-12458

Honorable:

Gregory D. Phillips (P80801)
PCFB LAW
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Tel: (801) 935-4933
Email: gdp@pcfblaw.com
*Attorneys for Plaintiff*

### COMPLAINT FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND ADVERTISING,  AND TRADEMARK DILUTION

Plaintiff Volkswagen Group of America, Inc. ("VWGoA" or "Plaintiff") for its complaint against defendants Nice Decal, LLC, and Juan R. Quiceno (collectively "Defendants"), alleges as follows:

## SUBSTANCE OF THE ACTION

1.      VWGoA is charged and tasked with enforcing the trademarks owned by Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Limited, Bugatti International S.A., and Volkswagen AG, (collectively the "VW Group" and the "VW Group Marks") in the United States. This suit arises from Defendants' unauthorized misappropriation and counterfeiting of the VW Group's distinctive and world-famous trademarks.  Defendants feature the VW Group Marks in nearly all of their advertisements, on their website, and on the counterfeit decals and goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants are associated or affiliated with the VWGoA.

2.      This is an action for trademark counterfeiting, infringement, and dilution of the VW Group's federally-registered trademarks, and for related claims. Defendants operate a counterfeiting ring that imports, promotes, advertises, distributes, and/or sells decals and other products bearing counterfeits of the world-famous VW Group Marks at their website at *www.nicedecal.com* (last visited on 9/18/2024) and otherwise as depicted below:



BUGATTI Vinyl Decal
Sticker

Design ID #: ND-17299



Bugatti Circuit At Le Mans
Vinyl Decal Sticker

Design ID #: ND-18138



Bugatti Logo Vector
Aftermarket Vinyl Decal...

Design ID #: ND-33754



Lamborghini Logo Vinyl
Decal Sticker

Design ID #: ND-1835

Lamborghini Vinyl Decal
Sticker

Design ID #: ND-5738



Lamborgini Bull Vinyl
Decal Sticker

Design ID #: ND-6269



Lamborghini
Superleggera Vinyl Deca...

Design ID #: ND-10965



Lamborghini Aftermarket
Vinyl Decal Sticker

Design ID #: ND-11783

Lamborghini Texte
Couleurs Vinyl Decal...

Design ID #: ND-17086



Audi Quattro Gecko Vinyl
Decal Sticker
Design ID #: ND-36157



Audi R8 Logo Vinyl Decal
Sticker
Design ID #: ND-39152



Audi Logo 2 Vinyl Decal
Sticker
Design ID #: ND-48839



Audi R8 1 Vinyl Decal
Sticker
Design ID #: ND-70500



Audi Windshield Banner
Decal Sticker
Design ID #: ND-92700



Audi Original Logo Vinyl
Decal Sticker
Design ID #: ND-1830



Audi Official Logo Vinyl
Decal Sticker
Design ID #: ND-1871



Audi Black Aftermarket
Vinyl Decal Sticker
Design ID #: ND-4648



Audi Logo 1 Vinyl Decal
Sticker
Design ID #: ND-4730



VW Volkswagen Skull JDM
Car Window Decal…
Design ID #: ND-93773



Vw Logo Motor Sport
Decal Sticker
Design ID #: ND-97522



Vw Logo Decal Sticker
Design ID #: ND-97662



Vw Skull Decal Sticker
Design ID #: ND-97676



Vw Rabbit 2 2 Vinyl Decal
Sticker
Design ID #: ND-68189



Vw Van Front V1 Vinyl
Decal Sticker
Design ID #: ND-4804



BENTLEY Vinyl Decal
Sticker
Design ID #: ND-8863

3.     VWGoA alleges claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, and federal trademark dilution under Sections 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C §

1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), (the "Lanham Act"). VWGoA seeks preliminary and permanent injunctions enjoining Defendants from using the VW Group Marks, and counterfeits thereof, and an order requiring Defendants to deliver all counterfeit and infringing goods and the means for manufacturing them for destruction, identifying information for the suppliers or manufacturers of said counterfeit goods, an equitable accounting, an equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory damages, exemplary damages, as well as attorneys' fees and costs.

## THE PARTIES

4.     Plaintiff VWGoA is a New Jersey corporation with a principal place of business in Auburn Hills, Michigan.  VWGoA is the exclusive U.S. importer of cars manufactured by Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Limited, Bugatti International S.A., and Volkswagen AG (collectively the "VW Group" and the "VW Group Marks") in the United States.

5.     Defendant Nice Decal, LLC ("Nice Decal") is a Florida limited liability company with its principal place of business at 13727 SW 152nd Street, Miami, Florida, 33177.

6.     Defendant Juan R. Quiceno ("Quiceno") is an individual and principal of Nice Decal and is a moving, conscious, and active force behind the infringing and unlawful acts, and actively participated in and approved the unlawful acts of

infringement.  VWGoA is informed and believes that defendant Quiceno resides in or near Miami, Florida.  (Nice Decal and Quiceno are referred to collectively as "Defendants")

7.     VWGoA is informed and believes, and therefore alleges, that each Defendant was the agent, employee, partner, and/or joint venturer of each of the other Defendants, and in committing the acts alleged herein, was acting within the course and scope of that relationship and with permission and consent of the other Defendants, and they have acted in concert with each other in connection with the allegations herein.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to:

(a)    The International Convention for the Protection of Industrial Property, 13 U.S. Treaties and Other International Agreements (1962), implemented by Sections 39 and 44 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126, and by the Judicial Code, 28 U.S.C. § 1331;

(b)    Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)    Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark

in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)    Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)    Sections 43(c) of the Lanham Act, 15 U.S.C., §§1125(c), relating to dilution;

(f)    The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws;" and

(g)    The Judicial Code, 28 U.S.C. § 1331, relating to federal question jurisdiction.

9.    Defendants are subject to personal jurisdiction in this district inasmuch as this action arises out of wrongful acts committed by Defendants that are intentionally targeted at VWGoA in this District that subject Defendants to personal jurisdiction here, and because Defendants' unlawful conduct causes harm and injury to VWGoA in this District.  Moreover, Defendants operate interactive

websites whereby Defendants market, sell, furnish, and support their counterfeit products throughout the United States, including in the State of Michigan.

10.     Venue is proper under 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

#### *Plaintiff's Trademark Rights*

11.     Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Limited, Bugatti International S.A., and Volkswagen AG own some of the most famous and iconic trademarks in the world, including but not limited to, the United States Trademarks set forth in Exhibit A hereto.

12.     VWGoA and its represented brands have spent hundreds of millions of dollars and have expended significant effort in advertising, promoting, and developing their trademarks.  As a result of such advertising and expenditures, the VW Group Marks have become widely known and recognized throughout the world as symbols of high quality automotive goods and services that are made by the VW Group.  The VW Group Marks are invaluable assets of substantial and inestimable worth to the VW Group.

#### *Defendants' Violations of the VW Group Marks*

13.     Long after the VW Group Marks had attained renown and fame, and without the VWGoA's consent, Defendants began selling decals and other products bearing counterfeits of the VW Group Marks.  As illustrated by the

images above, Defendants have imported, manufactured, advertised, and/or sold decals that incorporate counterfeits, copies, and/or colorable imitations of the VW Group Marks on identical goods sold by VWGoA under those marks.

14.    Defendants' counterfeiting and infringement of the VW Group Marks is knowing and willful.   Plaintiff has sent a Cease and Desist letter which Defendants have ignored.

15.    Defendants have no affiliation with VWGoA of any kind and have not been authorized to identify their counterfeit goods as VWGoA products or to use or replicate the VW Group Marks on their products.

16.    Defendants' misappropriation of the VW Group Marks in combination with the manufacture, importation, advertisement, and sale of their unauthorized products bearing the VW Group Marks is likely to cause potential purchasers of Defendants' products, as well as the public at large, to believe that Defendants' products are manufactured or licensed by VWGoA.

17.    Defendants' unauthorized misappropriation of the VW Group Marks is also likely to dilute, blur the distinctiveness of, and tarnish the VW Group Marks.

### VWGoA Is Being Irreparably Harmed

18.    Defendants continue to use the VW Group Marks, and/or intentionally confusingly similar versions thereof, with actual knowledge of VWGoA's prior

adoption and use of the VW Group Marks. Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general. In so doing, Defendants have caused irreparable damage to the VW Group Marks and to the goodwill and reputation of VWGoA.

19. VWGoA exercises great care and exerts substantial effort to control the nature and quality of the genuine goods and services offered under the VW Group Marks.

20. Defendants are not subject to the exacting quality control specifications and supervision of VWGoA, and does not pay royalties to VWGoA.

21. As a direct result of Defendants' actions, VWGoA is not able to exercise any quality control over Defendants' non-genuine goods bearing counterfeits of the VW Group Marks, and if the goods are shoddy or the unauthorized manufacturer makes shoddy goods in the future, the public will come to believe that VWGoA no longer maintains high standards for their exemplary products, and therefore the reputation and goodwill of VWGoA will be harmed.

22. Based on experience, VWGoA is informed and believes that unless this Court enters a preliminary and permanent injunction in this case, Defendants will continue to sell counterfeit goods bearing the VW Group Marks and will destroy all evidence relating to the manufacture, importation, advertisement, and

sale of the counterfeit goods, and disclaim any knowledge of the persons from whom they bought and to whom they sold such counterfeit goods.

23.    As such, Defendants' unlawful conduct constitutes an ongoing irreparable harm to VWGoA and the VW Group Marks that will only cease if Defendants are enjoined.

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT, 15 U.S.C. § 1114)

24.    VWGoA realleges and incorporates herein the allegations above.

25.    Despite the VW Group's well-known prior rights in the VW Group Marks, Defendants have used and continue to use, without VWGoA's authorization, the VW Group Marks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' counterfeit products.

26.    Defendants' misappropriation of the VW Group Marks is likely to cause consumer confusion as to whether VWGoA endorses, sponsors, or licenses Defendants' products, or as to whether Defendants are somehow affiliated with VWGoA.

27.    Defendants' actions constitute trademark counterfeiting and willful infringement of VWGoA's exclusive rights in the VW Group Marks in violation of 15 U.S.C. § 1114.

28.     Defendants' misappropriation of the VW Group Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers regarding the source and/or sponsorship of Defendants' products.  Defendants have used counterfeits of the VW Group Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

29.     As a direct and proximate result of Defendants' conduct, VWGoA has suffered irreparable harm to the valuable, distinctive and world-famous VW Group Marks.  Unless Defendants are restrained from further infringement of the VW Group Marks, VWGoA will continue to be irreparably harmed.

30.     VWGoA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

31.     As a direct and proximate result of Defendants' unlawful conduct, VWGoA is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the VW Group Marks pursuant to 15 U.S.C. § 1117.  Alternatively, VWGoA is entitled to statutory damages pursuant to

15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

**SECOND CLAIM FOR RELIEF**
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
AND FALSE ADVERTISING, 15 U.S.C. § 1125(a))

32.     VWGoA realleges and incorporates herein the allegations above.

33.     Defendants have knowingly used the VW Group Marks, or confusingly similar variations thereof, in connection with the products that Defendants manufacture, import, advertise, promote, and/or sell.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

34.     Defendants' misappropriation of the VW Group Marks is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by VWGoA or that Defendants are in some way affiliated with VWGoA.

35.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

36.    Because of Defendants' actions, VWGoA has suffered irreparable harm to the VW Group Marks.  Unless Defendants are enjoined from their actions, VWGoA will continue to be irreparably harmed.

37.    VWGoA has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

38.    As a direct and proximate result of Defendants' unlawful conduct, VWGoA is entitled to the equitable remedy of a preliminary injunction, a permanent injunction, an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the VW Group Marks pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
(TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

39.    VWGoA realleges and incorporates herein the allegations above.

40.    VW Group Marks have become famous and distinctive worldwide through the VW Group's continuous and exclusive use of them in connection with VWGoA products.

41.    Because VWGoA products have gained a reputation for superior quality, durability, and performance, the VW Group Marks have gained substantial renown.

42.    Defendants have willfully and intentionally used and continue to use the VW Group Marks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products.

43.    Defendants' misappropriation of the VW Group Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual and/or likelihood of dilution of the VW Group Marks' distinctive quality in violation of VWGoA's rights under 15 U.S.C. § 1125(c).    Defendants' wrongful use of the VW Group Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the VW Group Marks.

44.    Defendants have used and continue to use the VW Group Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the VW Group Marks, and with the intent to trade on VWGoA's reputation and the goodwill inherent in the VW Group Marks.

45.    As a direct and proximate result of Defendants' unlawful conduct, VWGoA has suffered irreparable harm to the VW Group Marks.

46.    Unless Defendants are enjoined, the VW Group Marks will continue to be irreparably harmed and diluted.    VWGoA has no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' actions are allowed to continue.

47.    Defendants have used and continue to use the VW Group Marks, or counterfeits thereof, willfully, with the intent to dilute the VW Group Marks and trade on VWGoA's reputation and goodwill.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

48.    As a direct and proximate result of Defendants' unlawful conduct, VWGoA is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the VW Group Marks pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, VWGoA prays for judgment against Defendants as follows:

1.    Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)    imitating, copying, or making unauthorized use of any of the VW Group Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using

any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the VW Group Marks;

(c)     using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the VW Group Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     using any false designation of origin or false description, including without limitation, any letters or symbols constituting the VW Group Marks or performing any act which can or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with VWGoA, or is sold, manufactured, licensed, sponsored, approved or authorized by VWGoA;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to any or all of the VW Group Marks;

(f)     engaging in any other activity constituting unfair competition with VWGoA with respect to the VW Group Marks, or constituting an infringement of any or all of the VW Group Marks, or of VWGoA's rights in, or to use or exploit, any or all of the VW Group Marks; and

(g)     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.      Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the VW Group Marks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any apparel, accessories or other goods bearing the VW Group Marks as described in this Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for VWGoA and their representatives to examine, photograph, and/or copy any such goods and information;

3.      For an order directing Defendants to deliver to VWGoA and their counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the VW Group Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

4.     For an order directing such other relief as the Court may deem appropriate to prevent consumers and the public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by VWGoA or related in any way to VWGoA's products or services.

5.     For an order directing Defendants to file with the Court and serve upon VWGoA's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

6.     For an order permitting VWGoA, and/or auditors for VWGoA, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the VW Group Marks, including all revenues and sales related to Defendants' use of the VW Group Marks, as well as Defendants' compliance with orders of this Court.

7.     For an award of VWGoA's costs and disbursements incurred in this action, including VWGoA's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

8.     For an order requiring Defendants to file with the Court and provide to VWGoA an accounting of all sales and profits realized through Defendants' use of the VW Group Marks and any counterfeits thereof.

9.      For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful and knowing use of counterfeits of the VW Group Marks pursuant to 15 U.S.C. § 1117(b).

10.     Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

11.     For an award of interest, including pre-judgment interest on the foregoing sums.

12.     For an order transferring the domain name *nicedecal.com* to Plaintiff and specifically that VeriSign, Inc., the operator of the .COM registry, change the registrar of record for *nicedecal.com* in the .COM registry to VWGoA's registrar of choice, GoDaddy, Inc., and that GoDaddy, Inc. change the registrant of *nintestore.com* to VWGoA.

13.     For such other and further relief as the Court may deem just and proper.

DATED:  September 18, 2024

PCFB LAW

By  /S/   GREGORY D. PHILLIPS
Gregory D. Phillips
Attorneys for Plaintiff
VOLKSWAGEN GROUP OF
AMERICA, INC.